UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE H. RIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:10CV2187RWS |
| v. | ) | |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff George Rivers asserts that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964 by his employer, Eric Shinseki, Secretary of the Department of Veterans Affairs. Currently before me is Rivers' Motion to Compel [#23]. In his Motion, Rivers asserts that Defendant has failed to respond to his discovery request. For the reasons stated below, I will deny Rivers' Motion to Compel.

**Legal Standard**

Under Rule 37(a) of the Federal Rules of Civil Procedure "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." A motion to compel a discovery response may be made if

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

**Discussion**

Rivers requested DVD recordings from the John Cochran Veterans Affairs Medical Center ("Cochran"). Rivers specifically requested DVD records of the entrance corridor leading to the Emergency Room via the Emergency Room Check-in Desk from 00:00-08:30 a.m. on March 27, 2009 through March 28, 2009 and on June 1, 2009 to June 2, 2009. Rivers also requested a manually stored "Daily Routing Log-book" for 00:00-08:30 a.m. on May 10, 2009 to May 11, 2009 for the Nuclear Medicine Area of Cochran.

Defendant served a response to Rivers' request for DVD recordings and Daily Routing Log-book on May 24, 2011 that indicated there are no documents or other items responsive to the requests. As a result, I must consider whether Defendant's response is evasive or incomplete so as to be treated as a failure to respond under Rule 37(a)(4).

Defendant attached the Declaration of Donald P. Giraudo, Chief of the Police Service at Cochran, to Defendant's Response. Giraudo indicates he searched for the video recordings for the dates requested and did not locate any. Giraudo further indicates that the recording equipment utilized by Cochran only stores security camera video recordings for ninety days. After that time has elapsed the recordings are erased to allow for storage of new recordings.

Defendant also attached the Declaration of Becky Lemen, Chief of Environmental Management Service at Cochran, to Defendant's Response. Lemen indicates that she is "responsible for all aspects of housekeeping services" at Cochran. Lemen indicates she directed that a search for the requested daily routine log-book be completed. No such log book was

located. Lemen indicates that for 25 years no such log-book of housekeeping activities has been kept in any specific area of the Medical Center. However, the Environmental Management Service does keep daily assignment sheets that are stored in the linen area office with the timekeeper, Ms. Sickles. Lemen directed Ms. Sickles to conduct a search in this area and she did not locate any daily assignment sheets for May 2009. The oldest records available are for December 2009. Lemen further indicates there is not a specific policy for retention of daily assignment sheets and that the records preceding December 2009 were destroyed in December 2010 to decrease to amount of storage needed to store the sheets.

Based on the detailed information provided in the Declarations of Donald Giraudo and Becky Lemen regarding the record keeping of the requested items, I cannot find that Defendant's response to Rivers' discovery request was evasive or incomplete. As a result, I will deny Rivers' Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff River's Motion to Compel Discovery [#23] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2011.